N.R. SMITH, Circuit Judge,
concurring:
I join the majority in affirming the district court’s grant of summary judgment. However, I affirm its decision on the conversion claim.
Gulf succeeded in proving each element of conversion because there are no disputed issues of fact that: 1) the set aside letter and Baldwin’s subsequent failure to complete the bonded improvements gave Gulf the right to possession of the remaining $2,177,620.31 that First Bank held for Gulfs benefit; 2) First Bank wrongfully refused to disburse the funds to Gulf, and 3) Gulf was damaged by First Bank’s actions. See McKell v. Washington Mutual, Inc., 142 Cal.App.4th 1457, 1491, 49 Cal.Rptr.3d 227 (2006).
On appeal, First Bank argued that money cannot be the subject of a conversion claim. Money can be the subject of a conversion action, if it is a specific, identifiable sum held or received for the benefit of another, even though not segregated. See PCO v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal.App.4th 384, 395-96, 58 Cal.Rptr.3d 516 (2007), e.g. Fischer v. Machado, 50 Cal. *190 App.4th 1069, 1073, 58 Cal.Rptr.2d 218 (1996) (money received for sale of farm products and deposited in a general account was recoverable in conversion action). Here, the money was an identifiable sum held for Gulfs benefit. Under California law, the money was subject to conversion.